TILKEY *v.* THE AUGUSTA, GIBSON AND SANDERSVILLE RAILROAD COMPANY.

Where the railroad company bought certain articles from the plaintiff, who agreed to take pay for the same in capital stock of the company, but nothing was said as to the value the stock was to bear, the par value should be inferred. ·

November 25, 1889.

Sales.  Vendor and purchaser.  Stocks.  Railroads.

Corporations. Damages. Before Judge Roney. Richmond superior court. April term, 1889.

Reported in the decision.

W. H. Fleming, by brief, for plaintiff.

W. T. Gary, by brief, for defendant.

Blandford, Justice.

In this case the railroad company bought certain articles from the plaintiff, amounting to about $100, the plaintiff agreeing to take pay for the same in the capital stock of the company. The plaintiff insisted that he was entitled to have the capital stock at its market value at the time the goods were purchased; the defendant, on the contrary, insisted that he should have it at its par value. The par value was $25 per share, the market value about $6 per share. The court below held that the plaintiff was only entitled to receive the stock at its par value; so the question here is, when one agrees to purchase stock from a railroad company, there being nothing said as to whether it is to be purchased at its par value or its market value, what value is the stock to bear?

In the opinion of the court, under the facts of the case, the plaintiff was only entitled to receive the stock at its par value. "Where a party engages to pay so many dollars in bank-notes, stock or scrip, the articles are described and numerically calculated by the number they express; so that $300 in railroad stock or bank notes is understood to mean that amount as expressed upon the face of the stock or note, and not the amount which will be equivalent in value to $300 in money; while an instrument drawn for the payment of so many dollars in chattels—wheat, salt, cloth, wool or other like articles,—is constructed to mean so much of those things as will amount to the sum in money, because

the things themselves cannot be counted by dollars, as the name is never applied to them." If the stock is appreciated above par, the purchaser would receive the benefit; if depreciated, he must bear the loss. 2 Sutherland on Damages, 388, 389, and cases cited.

*Judgment affirmed.*